## HINKLER v. EIGHTY–THREE MAIDEN LANE CORPORATION.

District Court, S. D. New York.

May 14, 1943.

Ashe & Rifkin, of New York City (David I. Ashe, of New York City, of counsel), for plaintiff.

Milbank, Tweed & Hope, of New York City (John A. Kelly, of New York City, of counsel), for defendant.

LEIBELL, District Judge.

The facts in this case are not in dispute. The sole question is one of law and involves the application of the Fair Labor Standards Act of 1938, 29 U.S.C.A. Chap. 8, § 201 et seq., to the facts as stipulated. Plaintiff was employed by the defendant corporation for a period during which the Act was in effect and he was not paid the rate of overtime therein provided. Defendant denies that the plaintiff was covered by the provisions of the Act.

The defendant, a corporation organized under the laws of this State in July 1917, owns and operates an office building at 83 Maiden Lane, Borough of Manhattan, New York City. All the stock of defendant is owned by the Northern Insurance Company of New York, which occupies six of the ten floors of the building and part of the basement. The balance of the building is tenanted by insurance underwriters, agents and a Casualty Company. Thus practically all the occupants of the building are engaged in the insurance business, the major part of which is placed outside the State of New York. It is clear that they are engaged in interstate commerce, but not in the production of goods for commerce.

The nature and extent of plaintiff's duties as a watchman in defendant's building are described in Finding of Fact No. 17, as follows: "17. That as such watchman plaintiff's duties included protecting the said building from fire and theft, running the elevator after 6 P.M. and until the last person had left the building for the night, cleaning and dusting of offices when the cleaning women did not report for work, and the turning on or off of heat according to the temperature, the heat itself being supplied by the New York Steam Company."

The question presented is this: Does the work done by plaintiff bear such

a relation to the interstate insurance business of the tenants as to justify the conclusion that in the performance of his duties plaintiff was engaged in interstate commerce? The nature of plaintiff's activities is controlling—and not the business of his employer.

I think this case comes within the reasoning of the New York Court of Appeals in the recent case of Stoike v. First National Bank of City of New York, 290 N.Y. 195, 48 N.E.2d 482, 486, decided April 15, 1943. The defendant bank owned an office building and occupied about 25% of its space. Stoike worked for the bank, dusting and cleaning the banking quarters, scrubbing floors and stairs and also cleaning public corridors and wash rooms in the upper floors. The bank was engaged in interstate commerce but not in the production of goods for commerce. The Court of Appeals held that Stoike was not an employee engaged in interstate commerce, although the bank was. The majority opinion written by Judge Lewis (Judge Loughran dissented) states:

"It is our conclusion that the cleaning operations which plaintiff was required to perform in defendant's banking quarters were not so closely related to the many banking services performed there that we can say as matter of law that plaintiff's cleaning was a part of such banking services and therefore that he was 'engaged in' interstate commerce. The plaintiff's work of cleaning and dusting the quarters in which the functions of banking are performed, although it may contribute remotely to the comfort and convenience of those whose services are vital to its business, is not a step in the process of banking. Indeed, as we consider the activities of those who conduct the vital functions by which the business of [a commercial bank, such as the defendant], is accomplished, the essential characteristics of that portion of its banking service which is interstate commerce are lost before we reach the position held by the plaintiff. If, under the guise of construing section 7 (subd. a) [29 U.S.C.A. § 207, subd.(a)], we extend its application beyond those employees who are 'engaged in' interstate commerce and include that vast number of employees whose work, like that of the plaintiff, only remotely *affects* commerce, we would extend the operation of the Act beyond its intended scope."

 Paraphrasing the above-quoted paragraph we may say that plaintiff's work was not a step in the process of insurance, that the essential characteristics of that portion of the insurance business of the tenants which is interstate commerce are lost before we reach the position held by the plaintiff, a watchman employee of the defendant.

Since all of the pertinent recent opinions of the United States Supreme Court are considered and analyzed by Judge Lewis in his opinion in the Stoike case, with which I am in full agreement, it is not necessary to review those decisions in this opinion.

The defendant is entitled to judgment on the merits, with costs. I have signed Findings of Fact and Conclusions of Law [Rule 52 (a) Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.] which will be filed with this opinion.