## BUILDING SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL NO. 238, v. TRENTON TRUST CO.

### Civ. 2656.

District Court, D. New Jersey.

Dec. 8, 1943.

Rothbard, Greenstone & Harris, and Samuel L. Rothbard, all of Newark, N. J., for plaintiff.

Backes & Backes, of Trenton, N. J. (H. W. Backes, of Trenton, N. J., of counsel), for defendant.

FORMAN, District Judge.

The plaintiff union, in behalf of several of its members, brought this action under Sec. 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 216(b), to recover unpaid overtime compensation and liquidated damages, together with costs and attorney's fees, from the defendant banking corporation in whose employ the members are engaged as elevator operators, cleaners, mechanics, firemen and watchmen.

The issue before this court, on the basis of stipulated facts, is whether the employees are engaged in interstate commerce within the purview of the act so as to entitle them to its benefits.

The defendant is engaged in the banking business and is the owner of a fourteen-story office building in which the members of the plaintiff union are employed. They are known as building service and maintenance employees. The building is operated as a distinct department apart from the defendant's banking business, which collects rents and maintains its own payroll account, operating expenses, etc. The ground floor of the building is used as the banking house of the defendant. The Trust Department of the defendant bank occupies offices on the fifth floor. The remainder of the office space in the building is leased to "lawyers, accountants, real estate agents, departments of the government of the State of New Jersey, doctors and the general users of office space in an office building". It is conceded that no goods are manufactured or produced on the premises, but that the defendant and some of the tenants do some business with others in other states. However, the defendant does not admit that it is engaged in interstate commerce.

The cases of Fleming v. A. B. Kirschbaum Co., D.C., 38 F.Supp. 204, affirmed 3 Cir., 124 F.2d 567, and Fleming v. Arsenal Bldg. Corporation, D.C., 38 F.Supp. 207, reversed 2 Cir., 125 F.2d 278, both cases affirmed by the Supreme Court in Kirschbaum Co. v. Walling, 316 U.S. 517, 62 S.Ct. 1116, 86 L.Ed. 1638, are relied upon by the plaintiff to support its contention that the members of its union employed by the defendant are engaged in interstate commerce within the meaning of the act. The facts in both of these cases are substantially the same. The tenants in each of the buildings in question were mostly manufacturers of clothing and principally engaged in the production of goods for interstate commerce. The employees in each case were required to perform the duties necessary to the effective maintenance of the building. The Supreme Court upheld the decision of the Circuit Court in each case, declaring that such employees are engaged in an occupation necessary to the production of goods in interstate commerce within the meaning of the act.

The character of the employees' activities is the factor for consideration in each case. The extent to which an employer is "engaged in commerce or in the production of goods for commerce"[1] depends on his employees' activities in that respect. The relationship of each employee to the production of goods for commerce must be determined before the act can be found to be applicable. It is the nature of the duties performed by the employee, not the business of the employer, which should be emphasized in making this determination. With respect to the employees in these cases, the court said: "In our judgment, the work of the employees in these cases had such a close and immediate tie with the process of production for commerce, and was therefore so much an essential part of it, that the employees are to be regarded as engaged in an occupation 'necessary to the production of goods for commerce'." Kirschbaum Co. v. Walling, supra, 316 U.S. at pages 525, 526, 62 S.Ct. at page 1121, 86 L.Ed. 1638.

Recently the Supreme Court again considered the question in the case of McLeod v. Threlkeld, 319 U.S. 491, 63 S.Ct. 1248, 87 L.Ed. 1538 (decided on June 7, 1943), and laid down the following test: "The test under this present act, to determine whether an employee is engaged in commerce, is not whether the employee's activities affect or indirectly relate to interstate commerce but whether they are actually in or so closely related to the movement of the commerce as to be a part of it. Employee activities outside of this movement, so far as they are covered by wage-hour regulation, are governed by the other phrase, 'production of goods for commerce.'" 319 U.S. 491, 63 S.Ct. at page 1251, 87 L.Ed. at page 1538.

The portion of the employer's business which is interstate in character is unimportant. Nor is it necessary that all of

---

[1] 29 U.S.C.A. §§ 206, 207.

an employee's activities relate to goods which move in interstate commerce; it is sufficient if a substantial part of his activities are so related. Walling v. Jacksonville Paper Co., 317 U.S. 564, 63 S.Ct. 332.

The instant case is distinguishable from the Kirschbaum case in that no goods are manufactured or produced on the premises. In that case most of the tenants in the building were engaged in the production of goods for interstate commerce on the premises. The heating, lighting and general maintenance of the building in which the goods were produced and the need of elevators and men to carry the materials which go into the manufacture of the product and to carry the finished product were an integral part of the preparation of those goods for their introduction into the interstate journey. In the case at bar, although it is safe to say that some of the tenants were engaged in interstate commerce, undoubtedly the bank for one, the building employees themselves were not essential to carry out the interstate business of these tenants. Their duties center solely around the building itself, the management and maintenance of which is purely local in nature. In contrast to the case of Kirschbaum v. Walling, supra, the work of the employees in this case did not have, to use the language of the Supreme Court, "such a close and immediate tie" with the interstate business conducted by some of the tenants and is therefore not "so much an essential part of it that the employees are to be regarded as engaged" in interstate commerce. This distinction has been drawn in numerous cases involving substantially the same facts as the case at bar and approved by those Circuit Courts which have thus far had the opportunity to pass upon them.[2]

The plaintiff also supports its position by citing the case of Timberlake v. Day & Zimmerman, D.C., 49 F.Supp. 28, which decided that guards of an ordnance plant were entitled to the benefits of the act. The guards did not contend that they were engaged in commerce but rather that they were engaged in the production of goods for commerce. That case cannot aid this plaintiff for the court in the Timberlake case found that the duties of the guards were a necessary part of the processing of materials intended for interstate commerce where it has been shown heretofore that the duties of the building and service employees here were not regarded as necessary to the production process.

Defendant is entitled to a judgment in its favor.

---

[2] Rosenberg v. Semeria, 9 Cir., 137 F.2d 742; Johnson v. Dallas Downtown Development Co., 5 Cir., 132 F.2d 287; Hinkler v. Eighty Three Maiden Lane Corporation, D.C., 50 F.Supp. 263; Callus v. 10 East Fortieth Street Bldg., D.C., 51 F.Supp. 528; Johnson v. Masonic Bldg. Co., D.C., 51 F.Supp. 527; Lofther v. First Nat. Bank of Chicago, D.C., 48 F.Supp. 692; Cochran v. Florida Nat. Bldg. Corporation, D.C., 45 F.Supp. 830; Johnson v. Filstow, Inc., D.C., 43 F.Supp. 930; Brandell v. Continental Illinois Nat. Bank & T. Co., D.C., 43 F.Supp. 781.