Chris McCarthy et al., Plaintiffs, *v.* American Surety Company, Defendant. ■

Supreme Court, Special Term, New York County, December 21, 1944.

*Warren C. Fielding* and *William E. Goldman* for defendant.

*Stanley Faulkner* for plaintiffs.

Koch, J. This is a motion under rule 106 of the Rules of Civil Practice to dismiss the complaint for failure to state facts sufficient to constitute a cause of action. The action is brought to recover liquidated damages and counsel fees under the Fair Labor Standards Act of 1938. (U. S. Code, tit. 29, § 201 *et seq.*) It is alleged that the defendant was the owner of the office building known as 100 Broadway, borough of Manhattan, city of New York; that as such it used the said premises for the purpose of conducting therein its insurance business and that the plaintiffs herein were employees of the defendant engaged in the effective maintenance of said building as porters, painters, plumbers, window cleaners and elevator operators, etc.

It is clear that the defendant was engaged in a business that may be classified as " interstate commerce ". It was so held by the Supreme Court in the case of *U. S.* v. *Underwriters Assn.* (322 U. S. 533).

The criterion in determining the application of the act, however, is not so much the nature of the employer's business as it is the relation that the employee's work bears to the interstate feature of the employer's business. (*Stoike* v. *First National Bank,* 290 N. Y. 195, 203.) In that case the Court of Appeals adopted the practical test suggested in *Overstreet* v. *North Shore Corp.* (318 U. S. 125, 130) to wit, " was the plaintiff's work of dusting and cleaning the defendant's banking quarters so closely related to interstate commerce as to be ' in practice and in legal contemplation a part of it '." The court held that it was not.

There are no allegations in the amended complaint, aside from the conclusions alleged in paragraph " Eighth ", that the said employees performed work such as to warrant their classification as persons so closely related to the interstate features of the defendant's business as to bring them within the scope of persons to whom the act is applicable. The nature of the plaintiff's activities is controlling and not the business of his employer. (*Hinkler* v. *Eighty-Three Maiden Lane Corporation,* 50 F. Supp. 263.)

The motion is accordingly granted. Submit order.