**L. P. THOMASON, Appellant,**

v.

**ALESTER G. FURMAN COMPANY, a Corporation, and South Carolina National Bank, a Corporation, Appellees.**

No. 6945.

United States Court of Appeals Fourth Circuit.

Argued April 14, 1955.

Decided May 9, 1955.

---

———◆———

Winfield T. Martin, Greenville, S. C., for appellant.

Sylvia S. Ellison, Acting Chief of Appellate Litigation, U. S. Department of Labor, Washington, D. C. (Stuart Rothman, Sol., Bessie Margolin, Asst. Sol., Harry M. Leet, Attorney, Washington, D. C., and Beverley R. Worrell, Regional Attorney, United States Department of Labor, Birmingham, Ala., on brief), for Secretary of Labor, amici curiæ.

C. F. Haynsworth, Jr., Greenville, S. C. (Thomas K. Johnstone, Jr., and Haynsworth, Perry, Bryant, Marion & Johnstone, Greenville, S. C., on brief), for appellees.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from a summary judgment entered for defendant in an action under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., to recover additional compensation, damages and attorney's fees. Appellant, plaintiff below, was employed as building superintendent of the South Carolina National Bank Building, of Greenville, South Carolina, a seventeen story building, only the first floor and the mezzanine of which were occupied by the bank. The character of the occupancy of the remainder of the building was established by an uncontroverted affidavit showing use for an "unrestricted variety of office work". See 10 East 40th St. Bldg. v. Callus, 325 U.S. 578, 583, 65 S.Ct. 1227, 1229, 89 L.Ed. 1806. We think, as did the judge below, that, on the authority of the case cited, the statute has no application to employees engaged in running such an office building. As said by Mr. Justice Frankfurter in that case:

"Running an office building as an entirely independent enterprise is too many steps removed from the physical process of the production of goods. Such remoteness is insulated from the Fair Labor Standards Act by those considerations pertinent to the federal system which led Congress not to sweep predominantly local situations within the confines of the Act. To assign the maintenance men of such an office building to the productive process because some proportion of the offices in the building may, for the time being, be offices of manufacturing enterprises is to indulge in an analysis too attenuated for appropriate regard to the regulatory power of the States which Congress saw fit to reserve to them. Dialectic inconsistencies do not weaken the validity of practical adjustments, as between the State and federal authority, when Congress has cast the duty of making them upon the courts. Our problem is not an exercise in scholastic logic."

The office building here was an essentially local enterprise notwithstanding that a number of persons or corporations having offices therein may have been en-

gaged in commerce or in the production of goods for commerce.

Affirmed.