**T. N. TULLIS, Plaintiff-Appellant,**

v.

**Seamour SHAVIN, individually and d/b/a Save Supply Company, Defendant-Appellee.**

**No. 15519.**

United States Court of Appeals
Sixth Circuit.

June 2, 1964.

terstate commerce as to be a part of it, and did not come within the scope of the Act, for the reasons stated.in the opinion of the District Court. Tullis v. Shavin, etc., 230 F.Supp. 52 (E.D. Tenn.).

It is ordered that the judgment of the District Court be and hereby is affirmed. McLeod v. Threlkeld, 319 U.S. 491, 63 S.Ct. 1248, 87 L.Ed. 1538.

---

Van Cleave, Hatfield & Parker, Chattanooga, Tenn., for appellant.

Ralph Shumacker, Chattanooga, Tenn., Claunch, Shumacker & Thompson, Chattanooga, Tenn., of counsel, for appellee.

Before MILLER, O'SULLIVAN and PHILLIPS, Circuit Judges.

ORDER:

Plaintiff-appellant filed this action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. for the recovery of minimum wages as prescribed by the Act, together with penalty and attorney's fees.

In a well reasoned opinion, the District Judge, the Honorable Frank W. Wilson, held that appellant was not engaged in commerce so as to come within the coverage of the Act, ruling that the activities performed by him consisted almost wholly of serving as custodian and remaining available to visitors in appellee's model Shell Home in Chattanooga, Tennessee, and that these activities were not in interstate commerce nor so closely related to the movement of interstate commerce as to be a part of it.

Upon consideration, we agree with the District Court that appellant was not engaged in commerce, that his activities were not in or so closely related to in-