Frank **WARE**, Plaintiff,

v.

**GUILFORD BUILDING, INC.,** Defendant.

No. C–103–G–68.

United States District Court,
M. D. North Carolina,
Greensboro Division.

July 9, 1969.

Walter T. Johnson, Jr., and Henry Frye, Greensboro, N. C., for plaintiff.

R. D. Douglas, Jr., of Douglas, Ravenel, Hardy & Crihfield, Greensboro, N. C., for defendant.

## MEMORANDUM OPINION

GORDON, District Judge.

This case was instituted by the plaintiff, Frank Ware, to recover additional compensation, damages and attorney's fees from the defendant, Guilford Building, Inc., under the provisions of the Fair Labor Standards Act of 1938 as amended, 29 U.S.C.A. § 201 et seq., hereinafter referred to as the Act. The action involves the period of time from July 1, 1966, to March 20, 1968.

Plaintiff contends that during this period his wages were subject to the wage-hour provisions of the Act, that the defendant at no time herein mentioned has complied with this minimum wage requirement and that the plaintiff is entitled to recover the difference in his actual pay and the sum to which he would be entitled under federal law and a like sum in liquidated damages plus reasonable attorney's fees. The defendant contends that their business is not subject to the provisions of the Fair Labor Standards Act; and, therefore, the defendant was not required to pay minimum wages and overtime wages to the plaintiff under the Act. The defendant further contends that even if the Court should find that the employment of the plaintiff was under the Act, the defendant acted in good faith in the belief that the defendant was not subject to the Act; and therefore no additional recovery should be ordered, under 29 U.S.C. § 260.

On the issues properly joined, for reasons which are more fully set out herein, the Court concludes that the plaintiff's wages were not subject to the provisions of the Fair Labor Standards Act and the relief requested herein is denied.

The case was duly brought on for trial before the Court without a jury. Having considered the evidence, briefs, oral arguments, and the entire official file,

the Court makes the following findings of fact:

1. The plaintiff, Frank Ware, is a citizen and resident of Guilford County, North Carolina, and was employed by the defendant, Guilford Building, Incorporated, as a night watchman and elevator operator from September, 1957, through March 20, 1968.

2. The defendant, Guilford Building, Incorporated, is a North Carolina corporation doing business at 301 South Elm Street in the City of Greensboro, North Carolina. The defendant's sole business is that of renting office space in the Guilford Building to various tenants.

3. This action involves a period of the plaintiff's employment from July 1, 1966, to March 20, 1968. The parties stipulate that the plaintiff was not paid the minimum rates as prescribed by the Fair Labor Standards Act but rather was paid the minimum rates required by the State of North Carolina; that if the plaintiff was covered by the Fair Labor Standards Act, he is entitled to $1,799.00 additional wages.

4. The defendant leases space to numerous tenants that occupy varying amounts of space in the building. The tenants at various six-months intervals and the amount of square footage occupied by them are set out in Appendix A of this opinion. The amount of rentable space in the building during the period in issue was 78,348 square feet.

5. A number of tenants, both persons and corporations, are engaged in commerce in the building or elsewhere. However, there is no actual physical production of goods for commerce within the building.

6. There is no evidence before the Court as to the length of the leases of the various tenants. Nevertheless, it is obvious from studying Appendix A of this opinion that the defendant rents available office space to any appropriate tenant without considering whether the tenant's business is national or local in nature. Further, the tenants and the amount of office space rented by tenants changes from time to time. Thus, the proportion of the offices in the building rented by persons or corporations that engage in commerce or the production of goods for commerce could vary substantially from year to year.

7. The annual gross rental receipts of the building has continuously been and still remains less than $500,000.00.

8. The Guilford Building, Incorporated, is a business that is essentially local in nature even though various persons or corporations that presently rent office space in the building are engaged in commerce or in the production of goods for commerce.

## DISCUSSION

The single issue before the Court is whether the plaintiff, Frank Ware, should have been paid the minimum wages and overtime rates as prescribed by the Fair Labor Standards Act for the time period from July 1, 1966, through March 20, 1968. The plaintiff was paid wages and overtime rates in accordance with the North Carolina minimum rates rather than the rates prescribed by federal law. If the plaintiff is entitled to recover the additional wages, he is entitled to $1,799.00.

The plaintiff contends that his employment was covered by the Fair Labor Standards Act for the following reasons:

(1) the business of the defendant was an enterprise within the meaning of Section 203(r) and (s) of the Fair Labor Standards Act and this being true, the plaintiff-employee was entitled to the minimum wages prescribed by such Act.

(2) a substantial part of the rentable space in the Guilford Building was occupied by persons or corporations engaging in interstate commerce or such space was used for the production of goods for commerce so as to make the plaintiff-employee subject to the wage-hour requirements of the Fair Labor Standards Act.

The contention that the Guilford Building, Inc., is an enterprise within the definition of the Act need not be

dealt with in this opinion because the evidence was clear that the annual gross volume of sales (rentals received) was considerably less than the $500,000.00 minimum amount required for this concept to be applicable.

▉▉▉▉ The plaintiff was a night watchman and elevator operator, who sometimes cleaned the elevators and the lobby of the office building, therefore the plaintiff is not covered by the Act because of his personal work. Further, the defendant-employer is not an employer engaged in the production of goods for commerce within the Act. However, under Section 203(j) of the Act, the plaintiff would be covered if he shows that he is "employed in producing, manufacturing, mining, handling, transporting, or in any other manner working on such goods, or *in any closely related process or occupation directly essential to the production thereof.*" (Emphasis added.) Thus, the plaintiff would be covered by the Act if he were engaged in an occupation closely related or directly essential to the production of goods for commerce.

▉▉▉▉ In A. B. Kirschbaum Co. v. Walling, 316 U.S. 517, 62 S.Ct. 1116, 86 L.Ed. 1638 (1942) and 10 East 40th St. Bldg. v. Callus, 325 U.S. 578, 65 S.Ct. 1227, 89 L.Ed. 1806 (1945), the Supreme Court of the United States made it quite clear that the question of whether an employee was employed in a process directly essential to the production of goods for commerce could only be answered in a case by case determination. In the present case, the Court finds that the plaintiff was not engaged in such an occupation and was not covered by the Fair Labor Standards Act.

In 10 East 40th St. Bldg. v. Callus, *supra,* Mr. Justice Frankfurter while dealing with a similar problem concerning such an office building stated:

"For as was pointed out in Walling v. Jacksonville Paper Co., *supra,* (317 U.S. [564] at 570, 63 S.Ct. 332, 87 L.Ed. [460] 467, we cannot 'be unmindful that Congress in enacting this statute plainly indicated its purpose to leave local business to the protection of the states.' We must be alert, therefore, not to absorb by adjudication essentially local activities that Congress did not see fit to take over by legislation.

"Renting office space in a building exclusively set aside for an unrestricted variety of office work spontaneously satisfies the common understanding of what is local business and makes the employees of such a building engaged in local business. Mere separation of an occupation from the physical process of production does not preclude application of the Fair Labor Standards Act. But remoteness of a particular occupation from the physical process is a relevant factor in drawing the line. Running an office building as an entirely independent enterprise is too many steps removed from the physical process of the production of goods. Such remoteness is insulated from the Fair Labor Standards Act by those considerations pertinent to the Federal system which led Congress not to sweep predominantly local situations within the confines of the Act. *To assign the maintenance men of such an office building to the productive process because some proportion of the offices in the building may, for the time being, be offices of manufacturing enterprises is to indulge in an analysis too attenuated for appropriate regard to the regulatory power of the states which Congress saw fit to reserve to them.* Dialectic inconsistencies do not weaken the validity of practical adjustments, as between the State and federal authority, when Congress has cast the duty of making them upon the Courts. Our problem is not an exercise in scholastic logic.

"The differences between employees of a building owned by occupants producing therein goods for commerce, and the employees of a building intended for tenants who produce such goods therein, and the employees of

the office building of a large interstate producer, are too thin for the practicalities of adjudication. *But an office building exclusively devoted to the purpose of housing all the usual miscellany of offices has many differences in the practical affairs of life from a manufacturing building, or the office building of a manufacturer. And the differences are too important in the setting of the Fair Labor Standards Act not to be recognized by the courts.*" (Emphasis added)

In Thomason v. Alester G. Furman Company, 4 Cir., 222 F.2d 421 (1955), the Court of Appeals for the Fourth Circuit held that a building superintendent of the South Carolina National Bank Building, of Greenville, South Carolina, was not engaged in the production of goods for commerce. The case involved a seventeen story building of which the first floor and mezzanine were occupied by the bank. The remainder of the building was characterized as being used for an "unrestricted variety of office work." After quoting from the opinion of Mr. Justice Frankfurter in 10 East 40th St. Bldg. v. Callus, the Court stated:

"The office building here was an essentially local enterprise notwithstanding that a number of persons or corporations having offices therein may have been engaged in commerce or in the production of goods for commerce."

Certainly, the Guilford Building would fall within the class of cases represented by 10 East 40th St. Bldg. v. Callus, *supra,* and Thomason v. Alester G. Furman Company, *supra,* rather than the class of cases represented by Kirschbaum v. Walling, *supra;* Ullo v. Smith, 2 Cir., 177 F.2d 101 (1949); and Allen v. Atlantic Realty Co., 5 Cir., 384 F.2d 527 (1967). Similar to the building in *10 East 40th St. Bldg.* and *Thomason,* the Guilford Building is a locally owned building in which office space is rented to numerous tenants for various purposes which "spontaneously satisfies the common understanding of what is local business and makes the employees of such a building engaged in local business."

Kirschbaum v. Walling, *supra,* and Ullo v. Smith, *supra,* are easily distinguishable from the case at bar. In both of these cases a substantial amount of actual physical production of goods was carried on within the buildings whereas there is no actual physical production of goods in the Guilford Building. Thus, as stated by Mr. Justice Frankfurter, such "differences are too important in the setting of the Fair Labor Standards Act not to be recognized by the Courts." 10 East 40th St. Bldg. v. Callus, *supra.*

Counsel for the plaintiff-employee relies in part on Allen v. Atlantic Realty Company, *supra,* to support the position that the plaintiff's employment comes within the Fair Labor Standards Act. In *Allen,* the employees were maintenance people in a building in Atlanta, owned by a real estate company, with 75 per cent of the space being leased by Southern Bell Telephone Company. The court found that these employees were covered by the Act. In *Allen,* there was evidence that Southern Bell produced on the premises advertising cards, signs for trucks, and films whereas there is no such evidence in the case at bar. Further, Southern Bell occupied approximately 75 per cent of the available space. Western Electric Co., Inc., Guilford Building's largest tenant, occupies approximately one-third of the rentable space with the remainder of the space being leased by various tenants. Clearly, the Guilford Building is more local in nature than was the building described by the court in *Allen.*

Further, there is no evidence as to how long Western Electric Company, or any other tenant, will remain in the building. If Western Electric or any other of the larger tenants moved out of the building, the corporation would surely rent this space to any appropriate tenant, and the proportion of office space occupied by persons or corporations that engage in commerce or in the production of goods for commerce could sub-

stantially change within a matter of a few weeks.

It is concluded that the subject building, available for general tenancy and in fact occupied by a "miscellany of tenants," is the type of business that Congress considered local in nature and thus reserved to the State the right to regulate the minimum wages of its employees.

### CONCLUSIONS OF LAW

1. The Court has jurisdiction of the parties and the subject matter of this action.

2. Guilford Building, Incorporated, is local in nature and not subject to the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C.A. § 201 et seq.

3. The plaintiff, Frank Ware, by virtue of the work performed for the defendant, Guilford Building, Inc., was not engaged in commerce or the production of goods for commerce or engaged in any clearly related process or occupation directly essential to the production thereof and therefore was not covered by the terms and provisions of the Fair Labor Standards Act.

4. The plaintiff, Frank Ware, will pay the costs of the action.

Within ten days of this date, in accordance with this Memorandum Opinion, counsel for the defendant will submit a proposed order for entry by the Court, first submitting same to counsel for the plaintiff for approval as to form.

### ATTACHMENT A

### GUILFORD BUILDING, INC.

| TENANT | Square Footage Occupied | | | |
|---|---|---|---|---|
| | 7–1–66 | 1–1–67 | 7–1–67 | 1–1–68 |
| Western Electric Co., Inc. | 15700 | 15700 | 20936 | 26175 [1] |
| Industrial Rayon Corporation | 890 | 890 | 1088 | 1088 |
| Joseph O. Foil | 825 | 825 | | |
| William W. Graves, Jr. | 200 | 200 | 217 | 217 |
| Western Auto Supply Co. | 611 | 611 | 810 | 810 |
| A & N Publishing | 360 | | | |
| Dr. Eugene Weisberger | 624 | 624 | 615 | 615 |
| Murray Hill Broadcasting Co. | 1088 | | | |
| Piedmont Lenders | 410 | 410 | 410 | 410 |
| R. C. Boyce | 495 | 495 | 495 | 495 |
| Moseley & Edwards, Attorneys | 831 | 831 | 831 | 831 |
| Life Ins. Company of Georgia | 318 | 318 | 318 | 318 |
| T. B. Bryan, Jr. & Co. | 360 | 318 | 318 | 217 |
| Boston Manufacturers Mutual Ins. Co. | 264 | 264 | 264 | 264 |
| J. J. Shields | 217 | 217 | 200 | 200 |
| N. C. Blind Commission | 688 | 688 | 810 | 810 |
| Charlotte Liberty Mutual Ins. Co. | 1345 | 1345 | 1345 | 1545 |
| Masters & Clegg | 831 | 831 | 831 | 831 |
| A. D. Tippett, Inc. | 216 | 216 | 210 | 210 |
| Tabulated Bookkeeping Co. | 180 | | | |

[1]. At the trial, there was a controversy as to the correctness of this figure. However, the Court finds the figure correct as to rentable space. Such space does not include restrooms, halls, etc., but such space was not included in total rentable space of 78,348 square feet.

| TENANT | Square Footage Occupied | | | |
|---|---|---|---|---|
| | 7–1–66 | 1–1–67 | 7–1–67 | 1–1–68 |
| Southern Home Ins. Co. | 624 | 624 | 624 | 443 |
| Home Detective Co. | 217 | 217 | 377 | 377 |
| Westminster Gardens, Inc. | 336 | 336 | 312 | 312 |
| W. W. Jarvis | 136 | 136 | | |
| Guilford Building, Inc. | 480 | 480 | 480 | 480 |
| Fireman's Fund Insurance Co. | 1105 | 1105 | 1105 | 1105 |
| Colonial Ice Company | 1441 | 1441 | 1441 | 1441 |
| Southern Service Co., Inc. | 858 | 858 | 858 | 858 |
| Better Business Bureau | 360 | 360 | | |
| P. M. Sawyer, Attorney | 264 | 264 | 264 | 264 |
| Dr. Alex R. Stanford | 512 | 512 | 512 | 512 |
| Olan Mills | 200 | 200 | | |
| Greene Associates | 611 | 611 | 611 | |
| Jewel Box Stores | 7031 | 7031 | 7031 | |
| Nationwide Insurance Company | 436 | 436 | 436 | |
| First Credit Co. of Greensboro | 900 | 900 | 900 | 900 |
| General Acceptance Corporation | 101 | 101 | 220 | 220 |
| Fireman's Fund Insurance Co. | 13726 | 13726 | 13726 | 13726 |
| N. C. Theatres, Inc. | 350 | 350 | 350 | 350 |
| N. C. National Bank | 7836 | 7836 | 7836 | |
| Guilford Soda Shop | 244 | 244 | 244 | 244 |
| Bell-Zeiger Co., Inc. | 1000 | 1000 | 1000 | 1000 |
| Dr. T. F. Bost | 342 | 342 | 342 | 342 |
| Marks Realty Company | 870 | 870 | 870 | 870 |
| Art Specialty Shop | 870 | 870 | 870 | 870 |
| Hobbs Realty Company | 870 | 870 | 870 | 870 |
| N. C. Blind Commission | 504 | 504 | 504 | 504 |