George P. **SHULTZ**, Secretary of Labor, United States Department of Labor, Successor to W. Willard Wirtz, resigned, Plaintiff,

v.

**ISAAC T. COOK COMPANY** and Arcade Building Company, corporations, Defendants.

No. 68 C 250(2).

United States District Court, E. D. Missouri, E. D.

Feb. 20, 1970.

Daniel Bartlett, Jr., U. S. Atty., Daniel R. O'Neill, Asst. U. S. Atty., St. Louis, Mo., Harper Barnes, Regional Atty., Office of the Solicitor, U. S. Dept. of Labor, Kansas City, Mo., for plaintiff.

Armstrong, Teasdale, Kramer & Vaughan, St. Louis, Mo., for Isaac T. Cook Co.

Gaylord C. Burke and Thos. C. Walsh, Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., for Arcade Bldg. Co.

MEMORANDUM

MEREDITH, District Judge.

This matter was tried to the Court and is an action brought by the Secretary of Labor, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201–219. Plaintiff seeks to enjoin defendants from violating provisions of the Act. The primary issue in the case is whether or not the building maintenance and service employees in the Frisco and Arcade Buildings are employees of the defendant Isaac T. Cook Company.

The defendant, Isaac T. Cook Company, is a Missouri corporation, engaged in the business of managing real estate and commercial office buildings. The defendant, Arcade Building Company is a Missouri corporation, which owns the Arcade Building at 812 Olive Street, St. Louis, Missouri.

Defendant Cook manages the Arcade Building, the Frisco Building, the Buder Building, the Drygoodsman Building, the Jacobs Building, the Gould Building, the Poe Building, a Kresge property, Pettus, Lind, and Ward properties, and other small properties in St. Louis, Missouri. The Arcade Building has been managed by defendant Cook since the 1920's under an oral contract. The Frisco Building, which is located at 906 Olive Street, St. Louis, Missouri, has been managed by defendant Cook since the early 1900's, with the exception of two years. This building is owned by the 906 Olive Corporation, a wholly-owned subsidiary of the St. Louis-San Francisco Railroad, and houses the executive office of the St. Louis-San Francisco Railroad.

The owner of the Frisco Building, 906 Olive Corporation, is not a party to this suit. Since 1965 the 906 Olive Corporation, a Missouri corporation, has had a written management contract with defendant Isaac T. Cook Company, which appoints Cook Company as its agent to manage and operate the Frisco Building. The written contract provides that:

"Now Therefore, it is agreed that Owner appoints said Cook Company its agent and building manager to operate and manage said Frisco Building, effective January 1st, 1965.

"Said Cook Company, as such agent and manager, shall operate and manage the Frisco Building; shall rent and lease space therein to reliable tenants at rates and terms satisfactory to the Owner; shall collect the rentals from all tenants; shall purchase all supplies necessary in the operation of said building and make all necessary repairs to keep said building in operation; shall employ the necessary custodial employees, elevator operators and other employees necessary in the operation of said building, subject to approval of the Owner; the schedule of wages and salaries of such employees shall be approved by the Owner and such employees shall be paid by Cook Company; shall do and perform any and all other administrative acts necessary in the operation and management of said Frisco Building.

"For its services thus performed under the terms of this agreement, Cook Company shall receive, as compensation for such services, the sum of Eight Thousand and No/100 Dollars ($8,000.00), payable in monthly installments of $666.66 each and one month for $666.74; said Cook Company shall keep necessary books and records for such building and shall remit to the Owner at various times during each month for all amounts paid by the tenants of said building, less all expenditures made by Cook Company in the operation and maintenance of said building; Cook Company shall furnish a statement each month showing such receipts and disbursements and shall deduct its compensation from the amounts thus remitted to the Owner.

"The compensation of Cook Company shall not include fees for legal services, advertising costs and commissions or brokerage paid for procuring tenants for said building to agents or others not employed by Cook Company, which said fees for legal services, advertising costs and commissions or brokerage paid to other agents as aforesaid shall be paid by the Owner, but only when the same shall have been approved by the Owner; the said Cook Company shall have no authority to bind the Owner for any such legal fees, advertising costs, commissions or brokerage without the expressed consent of the Owner previously had and obtained.

"The Owner shall carry all necessary forms of insurance coverage, including public and elevator liability and workmen's compensation and Isaac T. Company as Agent shall be covered by all such policies."

James F. Cook, the president of the defendant Cook Company, testified on his deposition that he has operated the Arcade Building under an oral contract in about the same way as he operates the Frisco Building. At the time of trial he testified that he had nothing to do with the hiring or firing of the employees in question at either building and did not give them directions nor supervise their activities.

The employees with which we are concerned are the janitors, janitresses, maids, and other maintenance personnel who work in the Arcade Building and the Frisco Building. These employees are carried on the separate payrolls of the Arcade Building Company, if employed at the Arcade Building, and the 906 Olive Corporation, if employed at the Frisco Building. Their withholding taxes are withheld by each corporation and reported to the Internal Revenue Department and the Division of Employment Security for the State of Missouri as such.

The liability insurance and workmen's compensation insurance for the Arcade Building does not include the defendant Cook Company as a named-insured, but the policies do cover the buildings in question and the employees in question. The 906 Olive Corporation and the Arcade Building Company have entered into labor agreements with Local 50 of the Building Service Employees International Union, AFL-CIO, and in each instance these agreements were negotiated and signed by James Cook, as the president of Isaac T. Cook Company, managing agent. Final approval of the provisions of each contract was obtained from the building owners before agreed to or signed.

The president and business manager of Local 50 testified that in the settlement of grievances at the Frisco Building, he starts with Florence Behrmann, and at the Arcade Building the grievance procedure starts with Mr. A. J. Loesch or Mr. Julius B. Orabka, but that James Cook is consulted when substantial grievances are finally settled as to each building.

This lawsuit was filed on May 24, 1968, accordingly, the statute of limitations has run on any activities prior to May 24, 1966. Julius B. Orabka is listed as an employee of the Arcade Building on tax returns and is the resident manager of the Arcade Building. Florence Behrmann is listed as an employee of 906 Olive Corporation on tax returns. Behrmann acts as the resident manager of the Frisco Building. The Isaac T. Cook Company has only three employees listed on its tax returns: A. J. Loesch, James Cook and a secretary.

Defendant Cook Company listed the following approximate figures as gross income on its income tax returns: 1964 —$72,000; 1965—$56,000; 1966—$55,-000; 1967—$55,000; and 1968—$61,000. These figures do not include the gross rentals collected. Gross rentals collected by defendant Cook exceed $800,000 at the Arcade Building and $500,000 at the Frisco Building in each of the years involved.

At the Frisco Building, the defendant Cook Company collects the rents and deposits them in an account "Frisco Building, Isaac T. Cook Company, Agent". Deposits are made to other accounts for the Frisco Building for payroll and expenses, and commissions to the Cook Company are paid to the Cook Company from these accounts. After all expenses are paid, the net is remitted monthly to the 906 Olive Corporation. The rents for the Arcade Building are collected by defendant Cook Company and deposited to the Arcade Building Company account. When expenses and/or payroll are needed to be paid, checks are drawn from this account and deposited into the "Arcade Building Company, Isaac T. Cook Company, Agent". Checks for employees of the Arcade Building are signed by Mr. Loesch, Mr. Orabka, or Mr. James Cook. Checks for employees of the Frisco Building are signed by Mr. Loesch or Mr. James Cook.

Defendant Cook, Clarence Turley, Sr., and a third party each own one-third of the stock of the Arcade Building Company. Mr. James F. Cook, Jr., is president of defendant Cook Company. Both James Cook and Adolph J. Loesch are officers of both Arcade Building Company and Isaac T. Cook Company, and both receive salaries from the Isaac T. Cook Company and none from the Arcade Building Company.

The Arcade Building has approximately 125 to 150 tenants, of these only five have been shown to do business in interstate commerce.

The St. Louis-San Francisco Railroad Company has its executive offices in the Frisco Building with 200 employees. It also has auditing, accounting, and purchasing departments in Springfield, Missouri.

The United States Army Corps of Engineers has offices in the Frisco Building and approximately 500 employees. They are engaged in construction work along the Mississippi River in many of the states adjoining the river.

The St. Louis-San Francisco Railroad occupies 22% and the U. S. Army Corps of Engineers occupies 54%, or a combined total of approximately 76% of the available space in the Frisco Building. The remainder of the tenants at the Frisco Building are not shown to do business in interstate commerce.

Employees of the tenants engaged in interstate commerce and of the United States Post Office Department use the elevators in both the Frisco Building and the Arcade Building to transmit mail and parcels from time to time to persons outside the State of Missouri and receive them from persons outside the State of Missouri. The maintenance personnel, janitors, janitresses, and maids clean the floors of the tenants in both buildings who are engaged in interstate commerce and remove waste and trash when necessary and change the electric light bulbs.

The parties have agreed that in the event the employees in question are covered at the Frisco Building and the Arcade Building, they will compute the details and agree on a judgment, and, if they cannot agree upon the proper judgment, the Court will hold a later hearing. Both defendants deny the employees are covered employees.

The primary issue in this case is whether the building maintenance and service employees in the Frisco and Arcade Buildings are employees of defendant Isaac T. Cook Company or are employees of the corporations that own the buildings. Section 3(d) of the Act provides: " 'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee. * * * "

The day-to-day operation of hiring and firing of employees is done by Florence Behrmann at the Frisco Building and Julius Orabka at the Arcade Building, and they are on the payroll of the respective owners of said buildings. The Court is of the opinion that the written contract between the 906

Olive Corporation and defendant Cook Company gives defendant Cook the power and authority to hire and fire and control all of the operations at the Frisco Building. It is the opinion of this Court that the employees in question at the Frisco Building are employees of defendant Isaac T. Cook Company for the purposes of the Fair Labor Standards Act.

Turning first to the case law as it applies to the Frisco Building: this building is owned by a wholly-owned subsidiary corporation of the St. Louis-San Francisco Railroad. It is managed under a written contract with defendant Cook. Seventy-six percent of the tenancy of this building is engaged in interstate commerce. In the case of 10 East 40th Street Bldg. v. Callus, 325 U.S. 578, 65 S.Ct. 1227, 89 L.Ed. 1806 (1945), the Court there held that the maintenance employees of the owner and manager of a New York building, of which 48% of the rented area was engaged in interstate commerce, were not covered. In that case, 52% of the space was available for local tenants.

Kirschbaum Co. v. Walling, 316 U.S. 517, 62 S.Ct. 1116, 86 L.Ed. 1638 (1942), held that the maintenance employees of the owner and operator of certain buildings were necessary in relation to the production of goods for commerce and were covered by the Act. In the series of cases decided there, almost all of the tenants were engaged in interstate commerce.

Borden Co. v. Borella, 325 U.S. 679, 65 S.Ct. 1223, 89 L.Ed. 1865 (1945), held that maintenance employees of a building owned and operated by Borden, 58% of which was used as its central offices when its plants were elsewhere, were covered by the Act. Borden operated in interstate commerce.

■ The principles enunciated in those cases would include the maintenance employees at the Frisco Building as employees of Cook covered by the Act, and would make the St. Louis-San Francisco Railroad, its wholly-owned subsidiary 906 Olive Corporation, and defend-

ant Cook related enterprises for the purposes of this Act. There are two sections of the Act as amended in 1961 which are necessary to be examined in order to determine that Isaac T. Cook Company is a covered enterprise:

"3(r) 'Enterprise' means the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units including departments of an establishment operated through leasing arrangements, but shall not include the related activities performed for such enterprise by an independent contractor: * * * "

"3(s) 'Enterprise engaged in commerce or in the production of goods for commerce' means any of the following in the activities of which employees are so engaged, including employees handling, selling, or otherwise working on goods that have been moved in or produced for commerce by any person:

\* \* \* \* \* \*

(3) any establishment of any such enterprise, except establishments and enterprises referred to in other paragraphs of this subsection, which has employees engaged in commerce or in the production of goods for commerce if the annual gross volume of sales of such enterprise is not less than $1,000,000;"

■ The activities of defendant Cook, the 906 Olive Corporation, and the St. Louis-San Francisco Railroad Company are related activities as required by 3(r) of the Act. See Wirtz v. First National Bank & Trust Co., 365 F.2d 641 (10th Cir. 1966). The question is presented as to whether the gross rentals collected by Cook at the Arcade and Frisco Buildings should be determinative, or merely the commissions received by Cook. This Court is of the opinion that gross rentals should be the determinative factor. See

Wirtz v. Jernigan, 405 F.2d 155 (5th Cir. 1968); Wirtz v. First National Bank & Trust Co., supra; Wirtz v. Columbian Mutual Life Ins. Co., 246 F. Supp. 198 (W.D.Tenn. 1965).

■ The Court is of the opinion that the maintenance employees at the Frisco Building are covered for the period of time involved in this suit.

■ The evidence relating to the maintenance employees at the Arcade Building is different from that at the Frisco Building. There is no showing that these employees are hired or fired by Cook, or that Cook had the authority to do so. Additionally, the rents collected by Cook go first into the Arcade Building Company account and then the employees are paid through an agency account only after the Arcade Building Company authorizes the transfer of funds. See Powell v. United States Cartridge Co., 339 U.S. 497, 70 S.Ct. 755, 94 L.Ed. 1017 (1950); Fruco Construction Co. v. McClelland, 192 F.2d 241 (8th Cir. 1951); Wirtz v. Dr. Pepper Bottling Co. of Atlanta, 374 F.2d 5 (5th Cir. 1967); and Walling v. Sanders, 136 F.2d 78 (6th Cir. 1943). Therefore, they are not employees of Cook.

There is no relation between the employees at the Frisco Building and those at the Arcade Building.

■ All but five out of 125 to 150 of the tenants are local tenants and not in interstate commerce as in the Frisco Building. They would not be covered employees under the reasoning of Kirschbaum Co. v. Walling; Borden Co. v. Borella, or 10 East 40th Street Bldg. v. Callus, supra. The situation is more nearly like Mitchell v. H. B. Zachry Co., 362 U.S. 310, 80 S.Ct. 739, 4 L.Ed.2d 753 (1960). The Court finds that the plaintiff has failed to sustain its burden of proof as to the employees at the Arcade Building, and the cause of action will be dismissed as to the Arcade Building Company.

The parties are directed to prepare the necessary judgment within 30 days or notify the Court within that time of their inability to agree on a judgment.