Z. E. HOUCHIN et al., Plaintiffs-Appellants,

v.

L. K. THOMPSON, Jr. and L. K. Thompson, Jr., d/b/a L. K. Thompson Company, Defendants-Appellees.

No. 20158.

United States Court of Appeals, Sixth Circuit.

Aug. 28, 1970.

Maurice Wexler, Memphis, Tenn., for plaintiffs-appellants; Longstreet Heiskell, Memphis, Tenn., on brief; Heiskell, Donelson, Adams, Williams & Wall, Memphis, Tenn., of counsel.

John B. Mack, Memphis, Tenn., for defendants-appellees; Clarence Clifton, Memphis, Tenn., on brief; Clifton & Mack, Memphis, Tenn., of counsel.

George P. Shultz, Secretary of Labor, U. S. Dept. of Labor, Laurence H. Silberman, Sol. of Labor, Bessie Margolin, Associate Sol., Carin Ann Clauss, Leon M. Kestenbaum, Attys., U. S. Dept. of Labor, Washington, D. C., Marvin M. Tincher, Regional Atty., on brief as amicus curiae.

Before WEICK, McCREE and BROOKS, Circuit Judges.

## ORDER

PER CURIAM.

This is an appeal from a judgment following a non-jury trial in which it was determined that the plaintiffs-appellants were not afforded coverage by the wage and hour provisions of the Fair Labor Standards Act (Title 29, U.S.C. Sections 201 et seq.).

Plaintiffs are eight elevator operators, two porters and a night watchman, who were employed to work in the Exchange Building, a 22-story office building located in Memphis, Tennessee. This building is occupied by a miscellany of business and professional tenants, including a number of attorneys, physicians, dentists and railroad companies.

The duties performed by the plaintiffs are the regular duties indicated by their callings. The elevator operators, one of whom was also the starter, transported a large number of both local and interstate passengers each day and also carried substantial quantities of both local and interstate mail and packages.

The porters as part of their tasks spend substantial time collecting boxes of waste paper left by the maids on each floor which they later baled in the basement. The baled paper was picked up each week by a waste paper company, who checked the bales for foreign objects, then commingled the paper with other waste paper, compressed it in larger bales and sold them to various paper mills. About 20% of this paper was shipped outside the state. The revenue received by the defendants from the sale of the waste paper approximated 0.1–0.-14% of the building's income. The night watchman operated the elevators after hours and also had the responsibility of recording the weights of the bales of scrap paper.

The plaintiffs argue that they are covered by the Act not because of the business activities of the tenants, but rather because the performance of their individual duties constitutes either engaging in commerce or the production of goods for commerce.

As Justice Frankfurter stated in Kirschbaum Co. v. Walling, 316 U.S. 517, 520, 62 S.Ct. 1116, 1118, 86 L.Ed. 1638 (1942), "To search for a dependable touchstone by which to determine whether employees are 'engaged in commerce or in the production of goods for commerce' is as rewarding as an attempt to square the circle."

In holding for the defendants, the District Judge in his opinion recognized that Congress in enacting the Fair Labor Standards Act plainly indicated its purpose to "leave local business to the protection of the states". 10 East 40th St. Co. v. Callus, 325 U.S. 578, 582, 65 S.Ct. 1227, 1229, 89 L.Ed. 1806 (1945). Walling v. Jacksonville Paper Co., 317 U.S. 564, 570, 63 S.Ct. 332, 87 L.Ed. 460 (1942). He also quoted from Hunter v. Madison Avenue Corp., 174 F.2d 164, 167 (6th Cir. 1949), cert. denied 338 U. S. 836, 70 S.Ct. 45, 94 L.Ed. 510 (1949), "Where some inconsequential incident of

interstate commerce happens to result from the general conduct of a fundamentally intrastate business, the rule of de minimis is applicable and the Act does not apply."

In our judgment the findings of fact of the District Court are supported by substantial evidence and are not clearly erroneous and the conclusions of law of the District Court are correct.

Affirmed.