Stanley LENCA and Beulah Lenca, Plaintiffs,

v.

LARAN ENTERPRISES, INC., Defendant.

No. 74 C 2327.

United States District Court, N. D. Illinois.

Dec. 13, 1974.

Anthony Hume, Arnold I. Shure, Chicago, Ill., for plaintiffs.

Harry M. Sangerman of McDermot, Will & Emery, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes before the Court on the motion of defendant to dismiss the complaint for want of jurisdiction.

1. 29 U.S.C. § 201 et seq. states, in part, as follows:

(a) The Congress finds that the existence, in industries engaged in commerce or in the production of goods for commerce, of labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers (1) causes commerce and the channels and instrumentalities of commerce to be used to spread and perpetuate such labor conditions among workers of the several States; (2) burdens commerce and the free flow of goods in commerce; (3) constitutes an unfair method of competition in commerce; (4) leads to labor disputes burdening and obstructing commerce and the free flow of goods in commerce; and (5) interferes with the orderly and fair marketing of goods in commerce.

(b) It is declared to be the policy of this chapter, through the exercise by Congress of its power to regulate commerce among the several States and with foreign nations, to correct and as rapidly as practicable to eliminate the conditions above referred to in such industries without substantially curtailing employment or earning power.

\* \* \* \* \*

'Enterprise engaged in commerce or in the production of goods for commerce' means an enterprise which has employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods that have been moved in or produced for commerce by any person, and which—

(1) during the period of February 1, 1967 through January 31, 1969, is an enterprise whose annual gross volume of sales made or

This action was brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. Section 201 et seq., which guarantees certain rights to employees engaged in interstate commerce.[1] The complaint specifically alleges that:

"At all times material herein Defendant was part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the Act.

Defendant has violated the provisions of Section 7(a)(1) of the Act by employing Plaintiff Stanley Lenca for workweeks longer than forty hours without compensating him for his employment in excess of forty hours a week at rates not less than one and one-half times the regular rate of pay at which he was employed.

business done is not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated) or is a gasoline service establishment whose annual gross volume of sales is not less than $250,000 (exclusive of excise taxes at the retail level which are separately stated), and beginning February 1, 1969, is an enterprise whose annual gross volume of sales made or business done is not less than $250,000 (exclusive of excise taxes at the retail level which are separately stated);

\* \* \* \* \*

Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

\* \* \* \* \*

Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce wages at the following rates:

(1) not less than $1.40 an hour during the first- year from the effective date of the Fair Labor Standards Amendments of 1966 and not less than $1.60 an hour thereafter, except as otherwise provided in this section;

. . ..

Defendant has violated the provisions of Sections 6(a)(1) of the Act by failing to compensate Plaintiff Beulah Lenca for her hours worked and Section 7(a)(1) of the Act by employing her for workweeks longer than forty hours a week at rates not less than one and one-half times the legal minimum wage of $1.60 an hour.

Under Plaintiff Stanley Lenca's agreement with Defendant he was compensated during the period August 1972 through June 1973 at an average monthly salary of $866.00 plus free rental of an apartment at an estimated value of $150.00 per month, or total compensation of $1016.00 per month, for all hours worked.

During the period August 1972 through June 1973 Plaintiff Stanley Lenca worked in the Defendant's employ a total of 5,280 hours and received total compensation of $11,176.00. Mr. Lenca received no overtime pay during this period.

During the period August 1972 through June 1973 Plaintiff Stanley Lenca had a regular straight-time rate of pay of $2.11 per hour ($11,176 divided by 5,280 hours). During this period he worked a total of 3,400 overtime hours for which he should have received an additional one-half time pay, or $1.055 per hour, for a total of $3,587.00.

During the period August 1972 through June 1973, Plaintiff Beuhla Lenca worked in Defendant's employ a total of 3,960 hours of which 1,880 hours were straight time and 2,080 hours were overtime. She received no compensation for any of these hours. The then federal minimum wage under Section 6(a)(1) of the Act was $1.60 per hour. As a result Plaintiff Beulah Lenca was entitled to $3,008.00 in straight time pay (1,880 hours × $1.60) and $4,992.00 in overtime pay (2,080 hours × $2.40) or a total of $8,000.00.

Essentially the issue for consideration before the Court is whether a residential janitor is engaged in commerce or in the production of goods for commerce within the coverage of the Fair Labor Standards Act.

At the outset certain basic principles must be acknowledged. As stated by the Court of Appeals for the Tenth Circuit: " . . . The Act was passed for humanitarian and remedial purposes, A. H. Phillips, Inc. v. Walling, 324 U. S. 490, 493, 65 S.Ct. 807, 89 L.Ed. 1095; it must be liberally construed 'to apply to the furthest reaches consistent with direction,' Mitchell v. Lublin, McGaughy & Associates, 358 U.S. 207, 211, 79 S.Ct. 260, 264, 3 L. Ed.2d 243; and breadth of coverage is vital to the Act's mission, Powell v. United States Cartridge Co., 339 U.S. 497, 516, 70 S.Ct. 755, 94 L.Ed. 1017." Hodgson v. University Club Tower, Inc., 466 F.2d 745 (10th Cir. 1972).

■ Despite liberal treatment of the Act's coverage this Court is of the opinion that plaintiffs under the facts of this case do not enjoy its benefits. Defendant is not an "enterprise" engaged in interstate commerce within the meaning of the Act which provides at Section 203(s)(1) that such an enterprise exists when there is a $250,000 annual gross volume of sales. As evidenced by the affidavit executed by the president of the defendant corporation, during each of the years of plaintiff Stanley and Beulah Lenca's employment, there was less than $100,000 of gross sales or business. On the other hand, as individual employees plaintiffs are entitled to coverage under 203(j) only if their work is "in producing, manufacturing, mining, handling, transporting, or in any other manner working on such goods [for commerce], or in any closely related process or occupation directly essential to the production thereof . . . ."

■ A review of cases indicates that a residential or commercial janitor's work does not substantially affect interstate commerce. In their memoranda plaintiffs cite many factors in an attempt to show plaintiffs' influence on interstate commerce, i. e., use of sup-

plies such as cleaning compounds, light bulbs, plumbing repair parts which traveled in interstate commerce; use of the telephone in speaking with prospective tenants from out of state; delivery of tenant's mail, etc. However none of these activities is of such character to have any significant impact on interstate commerce. Plaintiffs are simply not engaged in "production of goods for commerce" as that phrase has heretofore been interpreted. See Hunter v. Madison Ave. Corp., 174 F.2d 164 (6th Cir.), cert. denied, 338 U.S. 836, 70 S.Ct. 45, 94 L.Ed. 510 (1949); Baldwin v. Emigrant Industries Sov. Bank, 150 F.2d 524 (2nd Cir.), cert. denied, 326 U.S. 767, 66 S.Ct. 171, 90 L.Ed. 462 (1945); Blumenthal v. Girard Trust Co., 141 F.2d 849 (3rd Cir. 1944); Tullis v. Shavin, 230 F.Supp. 52 (D.C.Tenn.1963), aff'd 332 F.2d 616 (6th Cir.); Addison v. Commercial Nat. Bank in Shreveport, 70 F.Supp. 619 (D.C.La.1947), aff'd 165 F.2d 937 (5th Cir.); Building Service Employees International Union Local No. 238 v. Trenton Trust Co., 53 F.Supp. 129 (D.C.N.J.1943), aff'd 142 F.2d 257 (3rd Cir.); Houchin v. Thompson, 438 F.2d 927 (6th Cir. 1970); Wirtz v. B. B. Saxon Co., 365 F.2d 457 (5th Cir. 1966); Shultz v. Isaac T. Cook Company, 314 F.Supp. 461 (E.D.Mo. 1971); Thomason v. Alester G. Furman Co., 222 F.2d 421 (4th Cir. 1955); Pollard v. Herbert J. Siegel Org., Inc., 272 F.Supp. 821 (D.Md.1967); 10 East 40th Street Bldg., Inc., v. Callus, 325 U.S. 578, 65 S.Ct. 1227, 89 L.Ed. 1806 (1945); Dolan v. Swope, 138 F.2d 301 (7th Cir. 1943).

The Court fails to see how the Act applies to either the defendant (which is not an "enterprise") or to the plaintiffs (who have failed to establish that their job activity substantially affects interstate commerce in the traditional sense). The difference between "traditional" and "enterprise" application of the Act as to janitors was discussed in Hodgson v. University Club Tower, Inc., 350 F.Supp. 817 (N.D.Okl.1971), aff'd 466 F.2d 745 (10th Cir.), where the court

found that an apartment house and a hotel were not a single "enterprise" despite common ownership and thus, without more, the janitors in the apartment house were not within the coverage of the Act.

All the cases cited by plaintiffs involved a situation wherein the defendants were engaged by an "enterprise" which had gross business in excess of $250,000. Those cases have no bearing on the facts of this case wherein defendant's business, or the employing enterprise, is not in excess of $250,000. Consequently, plaintiffs' work activities must be so extensive as to affect interstate commerce. The facts of the case indicate that plaintiffs' activities are not of interstate character or impact.

Accordingly, defendant's motion to dismiss is hereby granted. Plaintiffs' motion for a partial summary judgment is denied.