Jerry TAYLOR

v.

David G. BROWN, Individually d/b/a Brown, Brown & West Real Estate, Insurance and Property Management and the Unknown Owner of Cedar Ridge Apartments.

Civ. No. 3–78–353.

United States District Court,
E. D. Tennessee, N. D.

Dec. 29, 1978.

Cecil B. Settlemire, Jr., Knoxville, Tenn., for plaintiff.

Joe Guess, Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This case is a minimum wage claim under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("the Act"). Before the Court is defendants' motion for summary judgment and plaintiff's response thereto. Oral arguments have been heard on the motion.

The defendants are owners and/or operators of a residential apartment complex known as "Cedar Ridge Apartments." Plaintiff had been employed at this apartment complex as a live-in maintenance man. Defendants deny any activity in interstate commerce, claiming to be a local concern only.

The Act applies only to employees engaged in commerce, and employees of businesses or enterprises engaged in commerce. Commerce is essentially defined in the Act as interstate commerce. 29 U.S.C. § 203(b).

The affidavits submitted by the parties, and the record, construed in the light most favorable to plaintiff indicate that the only non-local aspect of defendants' business is an alleged out-of-state owner. No overt activity in interstate commerce on the part of this out-of-state owner is suggested. *See e.g. Brennan v. Ray Stern Investment Corp.*, 375 F.Supp. 705 (N.D.Texas 1974) (holding that daily active management via telephone by an out-of-state owner brings apartment building employees within the protection of the Act). In the opinion of the Court, the allegation that there is an out-of-state owner of defendants' apartment complex is not sufficient, by itself, to show that defendants, or any of their employees are engaged in interstate commerce. Nothing else in the record suggests that either the defendants or defendants' employees were engaged in "commerce" as defined by the Act. Rather, the record indicates that defendants' apartment complex is a local concern only and thus not within the Act. *See Houchin v. Thompson*, 438 F.2d 927 (6th Cir. 1970); *See also Tullis v. Shavin*, 332 F.2d 616 *aff'g.* 230 F.Supp. 52 (E.D.Tenn.1963), and *Lenca v. Laran Enterprises*, 388 F.Supp. 782 (N.D.Ill.1974).

Accordingly, it is hereby ORDERED that defendants' motion for summary judgment of dismissal be, and the same hereby is, granted.

Order accordingly.